UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LOGAN MEDIATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-02386-TWP-MPB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

Logan Mediate has filed a motion asking the Court to commute his sentence. That motion was treated as a motion to vacate, set aside, or correct sentence and that motion is now before the Court. For the reasons that follow, the motion, which is Mr. Mediate's second § 2255 motion, is **dismissed** for lack of jurisdiction, and a Certificate of Appealability **shall not issue**.

**I. Legal Standard**

Federal district courts may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2255 when a prisoner demonstrates their sentence "was imposed in violation of the Constitution or laws of the United States, or that the [sentencing] court was without jurisdiction to impose such a sentence, or that the sentence [imposed] was in excess of the maximum authorizes by law, or [that their sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255. District courts are authorized to screen and, if necessary, dismiss petitions that lack merit. *See* Rule 4(b) of Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party).

## II. Background

Mr. Mediate plead guilty to tampering with a witness and possessing a short-barreled shotgun. *United States v. Mediate*, 1:14-cr-82-TWP-DML-1, ("Crim. Dkt."), dkt. 64. The Court accepted his guilty plea and sentenced him to 156 months' imprisonment. Mr. Mediate filed a motion to vacate his sentence under 28 U.S.C. § 2255. *See* Crim Dkt. 156; *Mediate v. United States*, No. 1:14-cr-82-TWP-DML-1 (S.D. Ind. 2019) (Dkt. 1). The Court denied his petition on the merits and final judgment was entered. *Id.* dkts. 28, 29. Mr. Mediate appealed that decision, but his request for a certificate of appealability was denied. *Id.* dkt. 40. Mr. Mediate now moves again to vacate his sentence under § 2255.

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places restrictions on successive motions under 28 U.S.C. § 2255. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see also In re Davenport*, 147 F.3d 605 (7th Cir. 1998). One of these restrictions is that a defendant usually gets only one opportunity under § 2255 to bring a challenge to his sentence, *see Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018), so long as the merits of the petition are ruled on. *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999); *see also* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). After that, district courts lack jurisdiction to hear successive petitions, and the defendant can only proceed if he obtains permission from the Court of Appeals. *Adams*, 911 F.3d at 403 ("[AEDPA] requires a prisoner to receive the prior approval of the Court of Appeals before filing a second or successive motion under § 2255."); *In re Page*, 170 F.3d at 661 ("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing."); *Nunez*, 96 F.3d at 991

("No matter how powerful a petitioner's showing, only [the Court of Appeals] may authorize the commencement of a second or successive petition.").

Here, Mr. Mediate's second § 2255 petition must be dismissed for lack of jurisdiction. He previously filed a § 2255 petition, the Court denied that motion on the merits, and Mr. Mediate has not obtained permission from the Seventh Circuit to pursue a second or successive petition. The petition now before the Court must therefore be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2255(h); § 2244(b)(3)(A); *see also In re Page*, 170 F.3d at 661.

## IV. Conclusion

For those reasons, this action is **dismissed for lack of jurisdiction**. Judgment consistent with this Order shall now issue and **a copy of this Order shall be docketed** in No. 1:14-cr-82-TWP-DML-1. The motion to vacate in the underlying criminal action, Crim. Dkt. [88], shall also be **terminated**. This ruling does not prevent Mr. Mediate from seeking modification of his sentence by other means, such as a motion under 18 U.S.C. § 3582, if it is appropriate to do so.

## V. Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Petitioner has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  The Court therefore **denies** a certificate of appealability.

**SO ORDERED**.

Date: 12/13/2022

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LOGAN MEDIATE
12268028
HAZELTON USP
P.O. Box 2000
Bruceton Mills, WV 26525